UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FERNANDO CORONA, | ) | NO. CV 14-4883-R (AGR) |
| Petitioner, | ) | |
| v. | ) | |
| C. E. DUCART, Warden, | ) | ORDER TO SHOW CAUSE |
| Respondent. | ) | |

On June 24, 2014, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The court, therefore, orders Petitioner to show cause, on or before **August 1, 2014**, why this court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

## I.

## PROCEDURAL BACKGROUND

On October 6, 2008, Petitioner pled guilty to voluntary manslaughter, and admitted gang and gun enhancements. (Petition at 2.) On the same day as his guilty plea, Petitioner was sentenced to 31 years in prison. (*Id.*) He did not appeal. (*Id.*)

On January 17, 2014, the Superior Court denied Petitioner's amended habeas petition because the petition presented the same claims he had raised and had been rejected in a prior petition. (Petition, Ex. D.)[1] On February 28, 2014, the California Court of Appeal denied Petitioner's habeas petition. (*Id.*, Ex. E.) On May 14, 2014, the California Supreme Court denied Petitioner's habeas petition with citations to *In re Robbins*, 18 Cal. 4th 770, 780 (1998) and *In re Clark*, 5 Cal. 4th 750, 797-798 (1993). (*Id.*, Ex. F.)

On June 18, 2014, Petitioner constructively filed the instant petition in this court in which he raises a violation of double jeopardy. (Petition at 5, Attachment 7A, 8.)

## II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28

---

[1] The Superior Court denied a habeas petition on June 14, 2013. (Petition, Ex. D.)

2

U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). Only subdivision (d)(1)(A) is relevant here.

Because Petitioner did not appeal, his conviction became final 60 days after his conviction (October 6, 2008) on December 5, 2008. California Rules of Court 8.308(a) (formerly Rule 30.1). The statute of limitations therefore expired on December 5, 2009.[2] Absent tolling, the petition is time-barred.

## A. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Because Petitioner did not file his first state habeas petition until 2013, he is not entitled to statutory tolling. *See Welch v. Carey*, 350 F.3d 1079, 1081-84 (9th Cir. 2003) (state habeas petition filed after the limitations has expired does not revive the expired limitations period).

## B. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control

---

[2] December 5, 2009, falls on a Saturday.

3

1  make it *impossible* to file a petition on time'" and "'the extraordinary
2  circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*,
3  628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).
4  There is no indication in the petition that Petitioner is entitled to equitable
5  tolling.

### III.
### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before ***August 1, 2014***, Petitioner shall show cause why the court should not recommend dismissal of the petition based on expiration of the one-year statute of limitations.

**If Petitioner fails to respond to the order to show cause by the above deadline, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED: July 2, 2014

ALICIA G. ROSENBERG
United States Magistrate Judge

4